UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AGNUITY, INC. (f/k/a FIREFLY-ONE, INC.), BGP PRODUCTS, LLC, and EUGENE WISAKOWSKY,  *Plaintiffs–Counterclaim Defendants,*  v.  L. CRAIG SATTERFIELD, NEOTEK, INC. and FIREFLY-ONE, LLC,  *Defendants–Counterclaim Plaintiffs.* | § § § § § § § § § § § § § § § § | Civil Action No. 3:24-CV-2068-X |

# MEMORANDUM OPINION AND ORDER
## DENYING PLAINTIFF'S MOTION TO SEAL

Before the Court is Plaintiff Agnuity, Inc.'s (Agnuity) motion to file exhibits in support of its motion for preliminary injunction under seal. (Doc. 57). The Court takes very seriously its duty to protect the public's access to judicial records.[1] Transparency in judicial proceedings is a fundamental element of the rule of law—so fundamental that sealing and unsealing orders are immediately appealable under the collateral-order doctrine.[2] The public's right to access judicial records is independent from—and sometimes even adverse to—the parties' interest.[3]

Litigants may very well have a legitimate interest in confidential discovery secured by a protective order under Federal Rule of Civil Procedure 26(c). However,

---

[1] *See Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418 (5th Cir. 2021).

[2] *June Med. Servs. v. Phillips*, 22 F.4th 512, 519 (5th Cir. 2022).

[3] *Id.*

1

"[t]hat a document qualifies for a protective order under Rule 26(c) for discovery says nothing about whether it should be sealed once it is placed in the *judicial record*."[4] Because of the higher standard to which the Court holds parties seeking to seal documents on the record, the Court provides directions in its scheduling orders. But Agnuity failed to comply with the Court's directions in its scheduling order at Doc. 25, paragraph 14:

> A party seeking to file a document under seal[5] must move for leave to do so and: (1) identify precisely y what information (pages, lines, etc.) the party wants sealed; (2) conduct a line-by-line, page-by-page analysis[6] explaining and briefing why the risks of disclosure outweigh the public's right to know; and (3) explain why no other viable alternative to sealing exists.[7] Further, all facts recited in any such motion must be verified by the oath or declaration of a person or persons with personal knowledge,

---

[4] *Id.* at 521.

[5] Parties should not seek to file under seal any information that is already publicly available. *June Med. Servs.*, 22 F.4th at 520 ("We require information that would normally be private to become public by entering the judicial record. How perverse it would be to say that what was once public must become private—simply because it was placed in the courts that belong to the public. We will abide no such absurdity." (cleaned up)).

[6] Trans Tool, LLC v. All State Gear Inc., No. SA-19-CV-1304-JKP, 2022 WL 608945, at *6 (W.D. Tex. Mar. 1, 2022) ("[I]t is certainly within a court's discretion to summarily deny a request to seal when it is apparent that the submitter has not conducted its own document-by-document, line-by-line review.").

[7] *Planned Parenthood of Greater Tex. Family Planning & Preventative Health Servs., Inc. v. Kaufman*, No. 17-50534, Doc. 00514098372, at 2 (5th Cir. Aug. 1, 2017) ("This court disfavors the sealing of briefs or portions of the record where the parties on appeal have not articulated a legal basis for the sealing."). The Fifth Circuit has "repeatedly required parties to justify keeping materials under seal." *Id.*; *see, e.g.*, *Claimant ID 100236236 v. BP Expl. & Prod'n, Inc.*, No. 16-30521 (5th Cir. Jan. 31, 2017) (requesting letter briefs sua sponte as to whether appeal should remain under seal and entering order unsealing appeal); *United States v. Quintanilla*, No.16-50677 (5th Cir. Nov. 16, 2016) (order authorizing briefs and record excerpts to be filed under seal on condition that the parties filed redacted briefs and record excerpts on the public docket). Also, the parties should note that a showing that disclosure of the information sought to be sealed would harm a party's reputation or its business is not sufficient to overcome the strong common law presumption in favor of public access. *Brown* [*& Williamson Tobacco Corp. v. F.T.C.*], 710 F.2d [1165,] 1179 [6th Cir. 1983)].

which will assist the Court in making fact findings that can withstand appellate scrutiny.[8]

The Court therefore **DENIES WITHOUT PREJUDICE** Agnuity's motion to file its supplemental exhibits under seal.

**IT IS SO ORDERED** this 3rd day of April, 2025.

                                                   _____
                                                   BRANTLEY STARR
                                                   UNITED STATES DISTRICT JUDGE

---

[8] *See United States v. Edwards*, 823 F.2d 111, 119 (5th Cir. 1987) (if closure of a presumptively open proceeding is to withstand a First Amendment challenge, the court must make specific fact findings that substantial probability exists that an interest of a higher value will be prejudiced and that no reasonable alternatives will adequately protect that interest).